Nicholas Strozza, Assistant United States Trustee
State Bar #CA 117234
Edward M. McDonald Jr., Trial Attorney
State Bar #NY 4126009
Jared A. Day, Trial Attorney
State Bar #CA 275687
Nick.Strozza@usdoj.gov
Edward.M.Mcdonald@usdoj.gov
Jared.A.Day@usdoj.gov
UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
300 Las Vegas Boulevard South, Suite 4300
Las Vegas, Nevada 89101
Telephone: (775) 784-5335
Facsimile:  (775) 784-5531

Attorneys for United States Trustee
Tracy Hope Davis

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re: | ) | Case No: BK-S-18-10170-abl |
| | ) | Chapter: 7 |
| TIFFANY SOMANE JOHNSON, | ) | |
| | ) | MOTION TO DISMISS CASE |
| | ) | PURSUANT TO 11 U.S.C. § 109(h) |
| | ) | |
| | ) | |
| | ) | Hearing Date:  April 11, 2018 |
| | ) | Hearing Time:  9:30 a.m. |
| Debtor. | ) | Est. Time Req.:   10 min. |

  Tracy Hope Davis, the United States Trustee for Region 17 ("US Trustee"), by and through her undersigned counsel, respectfully moves the Court for an order dismissing this case pursuant to 11 U.S.C. § 109(h) based upon the Debtor's failure to receive credit counseling within the mandated 180-day period prior to filing her bankruptcy petition ("Motion").

  This Motion is based upon the following points and authorities, the entire record in this case, and such evidence as may be introduced at the hearing.

1

**POINTS AND AUTHORITIES**

The US Trustee is charged with supervising the administration of cases under chapter 7 of Title 11. 28 U.S.C. § 586. In furtherance of that duty, the US Trustee is granted standing to raise and be heard on any issue in any bankruptcy case under 11 U.S.C. § 307.

**A.    Jurisdiction**

1. The Bankruptcy Court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. §§ 1334 and 157(b).

2. The US Trustee brings this Motion under her statutory duty to monitor bankruptcy cases under 28 U.S.C. § 586(a)(3).

3. The US Trustee has standing to prosecute the Motion under 11 U.S.C. § 109(h) and Federal Rule of Bankruptcy Procedure ("FRBP") 1007-I(b)(3).

**B.    Background and Procedural Posture**

4. Tiffany Somane Johnson ("Debtor") filed a voluntary Chapter 7 bankruptcy petition ("Petition") on January 16, 2018. ECF No. 1 and Declaration of Jared A. Day, Exhibit A.

5. At Part 5 of the Petition, Explain Your Efforts to Receive a Briefing About Credit Counseling, the Debtor checked the box indicating: "☑ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion… *Attach a copy of the certificate and payment plan, if any, that you developed with the agency*." Id.

6. The Debtor did not attach a copy of her credit counseling certificate to her bankruptcy petition and has not provided proof of completing the required credit counseling briefing as required by 11 U.S.C. § 109(h)(1).

2

7.	Based upon the aforementioned documentation on file with the Court, the Debtor has failed to provide proof she obtained a credit counseling briefing within the 180-day period prior to filing the Petition.

8.	The Debtor did not file a certification describing an exigent circumstance meriting a temporary waiver of the credit counseling requirement.  See Docket Generally.

9.	The Debtor also did not file a motion requesting a permanent waiver of the credit counseling requirement.  Id.

10.	The undersigned counsel contacted the Debtor by telephone on two occasions and was told the credit counseling certificate would be filed.  However, as of March 6, 2018, the credit counseling certificate remains unfiled.  Declaration of Jared A. Day.

**C.	Authorities**

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA) amended 11 U.S.C. § 109 to mandate that bankruptcy debtors complete a credit counseling briefing during the 180-day period ending on the date the bankruptcy petition is filed. Specifically, 11 U.S.C. § 109(h)(1) provides:

> Subject to paragraphs (2) and (3), and notwithstanding any other provision of this section other than paragraph (4) of this subsection, an individual may not be a debtor under this title unless such individual has, during the 180-day period ending on the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

See also FRBP 1007-I(b)(3).

The credit counseling requirement is clear and unambiguous.  In re Sosa, 336 B.R. 113, 115 (Bankr. W.D. Tex. 2005) (dismissing case because the "[t]he Court's hands are tied" when Chapter 13 debtors failed to complete credit counseling pre-petition as required under 11 U.S.C.

3

§ 109(h)); <u>In re Cleaver</u>, 333 B.R. 430, 433 (Bankr. S.D. Ohio 2005) (denying the debtor's deficient certification of exigent circumstances and dismissing the case because the "statute is unequivocal and allows for no other excuse or exception"); <u>In re Dixon</u>, 338 B.R. 383, 386 (B.A.P. 8th Cir.2006) ("[i]t is the clear expectation of the statute that all individual debtors receive such a briefing prior to filing"); and <u>In re Racette</u>, 343 B.R. 200, 202 (Bankr. E.D. Wis. 2006) ("[t]he [credit counseling] briefing must be given within 180 days before the bankruptcy filing"). The credit counseling requirement does not apply in very limited circumstances, none of which apply here. <u>See</u> 11 U.S.C. §§ 109(h)(2), (3), and (4).

**D.      Application**

In this case, the Debtor's Petition indicates that she received a credit counseling briefing within the 180 days before the filing of the bankruptcy case. ECF No. 1 <u>and</u> Declaration of Jared A. Day, Exhibit A. However, the docket does not reflect that a credit counseling certificate has been filed. <u>See</u> Docket generally. The undersigned counsel contacted the Debtor by telephone on two occasions regarding the credit counseling requirement. Declaration of Jared A. Day. However, a certificate of credit counseling has not been filed. <u>See</u> Docket generally. The Debtor has failed to comply with the requirements set forth in 11 U.S.C. § 109(h)(1). The Debtor's failure to timely receive a briefing from an approved credit counseling agency has rendered her ineligible to be a debtor under Title 11 of the Bankruptcy Code. For this reason, this case should be properly dismissed.

**CONCLUSION**

Based upon the Debtor's failure to comply with 11 U.S.C. § 109(h)(1), the US Trustee respectfully requests that the Court enter an order dismissing this case without prejudice, finding that the limitations on the automatic stay, as provided in 11 U.S.C. § 362(c)(3), shall not apply if

the Debtor refiles for relief under the Bankruptcy Code, and for such other relief as the Court deems appropriate.

DATED this 6th day of March, 2018.

Respectfully submitted,

Nicholas Strozza
State Bar #CA 117234
Jared A. Day
State Bar #CA 275687
300 Booth Street, Suite 3009
Reno NV 89509
(775) 784-5335

/s/ JARED A. DAY
Jared A. Day
Attorneys for United States Trustee
Tracy Hope Davis

# CERTIFICATE OF SERVICE

I, ROBBIN LITTLE, under penalty of perjury declare: That declarant is, and was when the herein described service took place, a citizen of the United States, over 18 years of age, and not a party to nor interested in, the within action; that on March 6, 2018, I served a copy of the foregoing MOTION TO DISMISS CASE PURSUANT TO 11 U.S.C. § 109(h) on the following parties:

☑    a. ECF System (attach Notice of Electronic Filing or list of persons & addresses):

- BRIAN D. SHAPIRO    brian@trusteeshapiro.com, assistant@trusteeshapiro.com;cathy@trusteeshapiro.com;nv22@ecfcbis.com
- U.S. TRUSTEE - LV - 7    USTPRegion17.LV.ECF@usdoj.gov

☑    b. U.S. Mail, postage fully prepaid (list persons and addresses):

TIFFANY SOMANE JOHNSON
625 WHITNEY RANCH DR APT 1326
HENDERSON, NV 89014

I declare under penalty of perjury that the foregoing is true and correct.

DATED: March 6, 2018.

   /s/ Robbin Little
   ROBBIN LITTLE